PER CURIAM.
The borrowers, Duroy and Marilyn Henderson, appeal a final judgment of foreclosure entered after a bench trial. Because Deutsche Bank failed to prove its entitlement to foreclose, we reverse the final judgment. Without further comment, however, we find that the trial court did not err in denying relief on the borrowers’ counterclaim under the Truth in Lending Act.
As a preliminary matter, the record reflects — and Deutsche Bank concedes — that Deutsche Bank’s witness’s testimony regarding the loan payment history did not satisfy the business records exception to the hearsay rule. Therefore, the trial court erred in admitting the evidence regarding the loan payment history. See, e.g., Glarum v. LaSalle Bank Nat’l Ass’n, 83 So.3d 780, 781-83 (Fla. 4th DCA 2011).
Furthermore, the evidence at trial was insufficient to prove that Deutsche Bank had standing to enforce the promissory note at the time the complaint was filed. Deutsche Bank seems to concede this point, acknowledging in its answer brief that “[tjhe witness also appeared unable to confirm that [Deutsche Bank] had the right to enforce the note and mortgage prior to the filing of the subject foreclosure action.” Because Deutsche Bank failed to prove it had standing to foreclose at the inception of the case, we reverse the final judgment of foreclosure and remand for the trial court to enter an involuntary dismissal of the complaint. See, e.g., *706 Klemencic v. U.S. Bank Nat’l Ass’n, 142 So.3d 983, 984 (Fla. 4th DCA 2014).
Reversed and Remanded as to foreclosure judgment; Affirmed as to denial of relief on counterclaim.
DAMOORGIAN, C.J., TAYLOR and CONNER, JJ., concur.